IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:    BLAS WILBER LOPEZ,<br><br>            Debtor. | Case No. 19-32600-KRH<br>Chapter 13 |
| BLAS WILBUR LOPEZ,<br><br>            Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br>CHARLES ROBINSON, III, TRUSTEE, and<br>WILLIAM T MORRISON, TRUSTEE,<br><br>            Defendants. | Adv. Pro. No. 19-03046-KRH |

## MEMORANDUM OPINION

On May 15, 2019 (the "Petition Date"), Blas Lopez (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). Two days after the Petition Date, the Debtor filed a *Complaint to Determine the Validity, Priority or Extent of Liens* [ECF No. 1] (the "Complaint"), thereby commencing this adversary proceeding (the "Adversary Proceeding") against Specialized Loan Servicing LLC ("SLS"); Charles Robison, III, Trustee; and William T Morrison, Trustee. Trial was conducted on September 17, 2019. This memorandum opinion sets forth the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed R. Bankr. P. 7052.

The facts of this case were not controverted. The Debtor and his non-filing brother own real property located at 2103 Henderson Road, Henrico, Virginia (the "Property"), as joint tenants with right of survivorship. The Property is encumbered by two deeds of trust. U.S. Bank Trust National Association as Trustee of the Chalet Series IV Trust holds a note secured by a first priority deed of trust lien on the Property (the "First Priority Note"). The outstanding balance of the First Priority Note is not less than $158,413.[2] U.S. Bank National Association, as Trustee, relating to Home Equity Mortgage Trust Series 2007-2, Home Equity Mortgage Pass-Through Certificates, Series 2007-2 ("U.S. Bank, Trustee for the Home Equity Mortgage Trust") holds a note (the "Second Priority Note") secured by a second priority deed of trust lien (the "Second Priority Lien") on the Property. The outstanding balance of the Second Priority Note is not less than $36,110.[3] Defendant SLS services the Second Priority Note.[4] Although both the Debtor and his non-filing brother are parties to and grantors of the Second Priority Lien that encumbers the Property, only the Debtor, as the sole maker, is liable on the Second Priority Note. At trial, the Debtor and SLS stipulated that the Property has a current market value of $154,000. Accordingly, the Property is worth less than the amount owed on the First Priority Note.

---

[2] *See* Transfer of Claim Other than for Security, *In re Lopez*, Case No. 19-32600-KRH (E.D. Va. Aug. 15, 2019), ECF No. 28; Proof of Claim No. 2-1; *In re Lopez*, Case No. 19-32600-KRH (E.D. Va. Jun. 28, 2019). Although Proof of Claim No. 2-1 asserts a claim in the amount of $168,795.42 and no objection has been lodged to the proof of claim, at trial SLS and the Debtor stipulated for the purpose of this Adversary Proceeding that the reduced outstanding balance of the First Priority Note was $158,413.

[3] SLS, by counsel, as servicer for U.S. Bank, Trustee for the Home Equity Mortgage Trust filed a proof of claim, asserting a secured claim in the amount of $39,940.54. Proof of Claim No. 6-1, *In re Lopez*, Case No. 19-32600-KRH (July 22, 2019). While no objection has been lodged to the proof of claim, SLS and the Debtor stipulated at trial that the reduced outstanding balance of the Second Priority Note was $36,110.

[4] No party has raised the issue whether U.S. Bank, Trustee for the Home Equity Mortgage Trust is a necessary party to this Adversary Proceeding. Based on SLS's actions in filing the proof of claim and in defending the Adversary Proceeding, the Court finds that SLS appears to be empowered to act on behalf of U.S. Bank, Trustee for the Home Equity Mortgage Trust as its authorized agent.

The sole issue presented to the Court in this Adversary Proceeding is whether a chapter 13 debtor may strip off an unsecured lien from real property that is titled as joint tenants with rights of survivorship, where the joint tenant is not a joint debtor in the bankruptcy case.[5] The Court answers that question in the affirmative. The Debtor may strip the Second Priority Lien from the Property, upon the successful completion of a confirmed chapter 13 plan providing for the same.

The Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (K), & (L). Venue is appropriate pursuant to 28 U.S.C. § 1409.

"A claim . . ., proof of which is filed under section 501 of [title eleven], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 506 of the Bankruptcy Code sets forth the standard for determining whether an allowed claim is a secured claim or an unsecured claim:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

*Id.* § 506(a)(1). "In other words, Section 506(a)(1) 'provides that a claim is secured only to the extent of the value of the property on which the lien is fixed,' whereas 'the remainder of that claim is considered unsecured.'" *Hurlburt v. Black*, 925 F.3d 154, 159 (4th Cir. 2019) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 239 (1989)). "Accordingly, when an allowed claim

---

[5] To that end, SLS filed a *Motion to Dismiss Complaint for Failure to State a Claim upon which Relief Can Be Granted* [ECF No. 5] (the "Motion to Dismiss"). After hearing oral argument on the Motion to Dismiss, by its *Order* entered July 31, 2019 [ECF No. 12] and in accordance with Bankruptcy Rule 7012(a), the Court postponed its disposition on the Motion to Dismiss until trial.

is undersecured—when the claimed amount exceeds the value of the property securing the claim—'Section 506(a)(1) requires the bifurcation of the claim into two components: a secured claim for the value of the collateral, and an unsecured claim for the balance.'" *Id.* (quoting *In re Price*, 562 F.3d 618, 623 (4th Cir. 2009)). "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d). "Thus, when prior liens against a creditor's collateral fully exhaust its value, any junior liens are void, and the creditor's claim is properly treated for the purposes of the bankruptcy as unsecured." *Cook v. Montclair Prop. Owners Ass'n, Inc.* (*In re Cook*), No. 10-10113-SSM, 2010 WL 4687953, at *1 (Bankr. E.D. Va. Nov. 10, 2010).

SLS filed a proof of claim, asserting a claim (the "Claim") in the amount of $39,940.54.[6] The proof of claim was assigned Claim No. 6-1 (the "Proof of Claim"). No party has objected to the Proof of Claim. As such, the Claim is deemed allowed. 11 U.S.C. § 502(a). The allowed Claim is secured by the Second Priority Lien on the Property, which is property in which the estate has an interest.[7] As such, the Claim is a secured claim to the extent of the value of SLS's interest in the Debtor's interest in the property and is an unsecured claim to the extent that the value of SLS's interest is less than the amount of such allowed claim. *See id.* § 506(a)(1).

The Debtor and SLS stipulated that the first deed of trust fully encumbers the Property and that there is no value in the Property left over to which the Second Priority Lien may attach. *See In re Cook*, 2010 WL 4687953, at *1. As such, the entirety of the Claim is an allowed unsecured claim, not an allowed secured claim. 11 U.S.C. § 506(a). By operation of Section 506(d) of the

---

[6]   *See supra* note 3.

[7]   The Debtor has not contested the validity of the Second Priority Lien.

Bankruptcy Code, the Second Priority Lien is void, as no portion of the Claim is an allowed secured claim. *Id.* § 506(d).

The question remaining in this case is whether the Court should ignore the plain operation of the Bankruptcy Code due to the manner in which the Property is titled. The Court of Appeals for the Fourth Circuit has held that the nature of title does affect the applicability of section 506(d) of the Bankruptcy Code where title is held as tenants by the entirety with a non-filing spouse. *Alvarez v. HSBC Bank USA, N.A.* (*In re Alvarez*), 733 F.3d 136 (4th Cir. 2013). But that result is dictated by the unique nature of the parties' ownership interest in tenants by the entirety property. "While both spouses are alive, a tenancy by the entirety can be severed only by divorce or by the joint action of both spouses. One spouse alone cannot alienate, convey, or encumber his or her interest in the entireties property." *Id* at 140-41 (internal citations omitted). As stripping a lien off property held as tenants by the entirety would effectuate a unilateral severance of the entireties estate, it is impermissible. *Id.* at 142 (citing *Hunter v. Citifinancial, Inc.* (*In re Hunter*), 284 B.R. 806, 814 (Bankr. E.D. Va. 2002)).

No similar proscription applies to real property titled as a joint tenancy with right of survivorship. Under Virginia law, "[j]oint tenancies with right of survivorship are dramatically different" from tenancies by the entirety. *Jones v. Conwell*, 314 S.E.2d 61, 64 (Va. 1984). "[I]t is settled beyond debate that whereas tenants by the entirety had no power to alienate permanently their interest, unless they acted together, a joint tenant with right of survivorship had such power." *Id.* at 65. As there is no prohibition on the unilateral severance of a joint tenancy with right of survivorship, *Alvarez* is inapplicable. The plain language of the Bankruptcy Code controls. The Second Priority Lien is void and may be stripped off the Property without regard to whether the joint tenant has filed bankruptcy.

5

In the alternative, SLS suggested the Court could adopt the reasoning of *Harris v. Amerifirst Home Improvement* (*In re Harris*), 494 B.R. 215 (Bankr. M.D. Pa. 2013), which involved issues similar to the case at bar. In *Harris*, the Bankruptcy Court for the Middle District of Pennsylvania had limited the amount of the lien strip on jointly held property to the debtor's one-half interest in the property. In reaching its decision, the bankruptcy court relied upon the Third Circuit's decision in *Miller v. Sul* (*In re Miller*), 299 F.3d 183 (3d Cir. 2002). That reliance was misplaced.

*Miller* involved stripping a lien that impaired an exemption under section 522(f) of the Bankruptcy Code. *Id.* at 185. It did not involve section 506 of the Bankruptcy Code. Section 522(f) of the Bankruptcy Code "allows a debtor to avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under state law . . . ." *Maitland v. Cent. Fid. Bank* (*In re Maitland*), 61 B.R. 130, 131 (Bankr. E.D. Va. 1986). The Third Circuit in *Miller* addressed whether a joint tenant could completely strip off a judgment lien as impairing a debtor's exemption when the total of all other liens on the property exceeded the value of the debtor's one-half interest in the property but did not exceed the value of the entire property.

> In our view, the correct approach is to view the debtor as owning one half of the property to which one half of the mortgage debt is thus attributable and therefore to regard "property" in subsection (ii) to mean the debtor's interest in the property and then to allocate the lien among the interests in the property proportionately.

*In re Miller*, 299 F.3d at 186. The court wanted to avoid a result that would "let debtors wipe out judgment liens in their entirety where there would be substantial equity remaining in the jointly held property over and above the exemption claim and other liens." *In re Qureshi*, No. 02-62774-DOT, 2005 WL 3782497, at *3 (Bankr. E.D. Va. Apr. 15, 2005). In contrast, a lien strip brought

pursuant to section 506 of the Bankruptcy Code is predicated upon a complete lack of any equity in property. There is no concern that a debtor will obtain an equity windfall, as there was under section 522(f) in *Miller*. When there is no value to secure any portion of a lien encumbering property in which a debtor has an interest as set forth in section 506(a), then section 506(d) plainly provides that the entirety of the worthless lien is void. Not only would a contrary holding contravene the clear dictates of the Bankruptcy Code, but it would also needlessly frustrate a debtor's ability to obtain a fresh start. *Cf. In re Mensah-Nash,* 558 B.R. 134 (Bankr. D.N.J. 2017) (recognizing that a divorced couple with property owned as joint tenants could not file a joint bankruptcy case as husband and wife in order to strip off a worthless lien). Accordingly, the Court declines to follow the non-binding decision from the Middle District of Pennsylvania in *In re Harris*, 494 B.R. 215.

While this Court holds that the Debtor *may* strip off the Second Priority Lien from the Property, "[i]n this circuit both a confirmed plan authorizing the lien avoidance action and an adversary proceeding resulting in a judgment avoiding the lien are necessary to strip-off a wholly unsecured deed of trust lien." *Pierce v. New Generations Fed. Credit Union* (*In re Pierce*), No. 10-35404-KRH, 2012 WL 1903263, at *3 n.2 (Bankr. E.D. Va. May 24, 2012) (citing *In re Tran*, No. 10-10589-SSM, 2010 WL 2024697, at *2 (Bankr. E.D. Va. May 17, 2010)). "[S]ection 506 has always operated in tandem with section 1322(b) to strip liens in Chapter 13 cases." *Branigan v. Davis* (*In re Davis*), 716 F.3d 331, 338 (4th Cir. 2013); *see also Burkhart v. Grigsby*, 886 F.3d 434, 439-41 (4th Cir. 2018). Thus, in order to strip off the Second Priority Lien from the Property, the Debtor must propose and obtain confirmation of a chapter 13 plan that also provides for the stripping of SLS's lien, and then the Debtor must successfully complete such plan.

7

A separate Order shall issue.

DATED: October 7, 2019

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET: October 7, 2019